**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JI TONG LIN,<br><br>          Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>          Respondent. | Nos. 06-75274<br>         07-71699<br><br>Agency No. A096-360-121<br><br>MEMORANDUM <sup></sup>* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

     In these consolidated petitions, Ji Tong Lin, a native and citizen of China,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for asylum, withholding of deportation, and protection under the

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") (No. 06-75274), and the BIA's denial of his motion to reopen (No. 07-71699). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004), and for abuse of discretion the denial of a motion to reopen, *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004). In petition No. 06-75274, we deny. In petition No. 07-71699, we deny in part and dismiss in part.

Substantial evidence supports the agency's adverse credibility determination because the inconsistencies between Lin's testimony and the documentary evidence with respect to both Lin's claimed injuries, and his escort of three United States citizens into China, were material and go to the heart of his claim. *See Don v. Gonzales*, 476 F.3d 738, 741-43 (9th Cir. 2007); *see also Li*, 378 F.3d at 963 (concluding the IJ properly considered and rejected petitioner's explanation for inconsistent testimony). In the absence of credible testimony, Lin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Lin's CAT claim is based on the same statements found to be not credible, and he fails to point to any other evidence in the record that compels the conclusion that it is more likely than not that he would be tortured if returned to China, substantial evidence supports the BIA's denial of CAT. *See id*. at 1156-57.

2                                                                                      07-71699

Lin's contention that the IJ failed to consider all of the evidence is belied by the record. *See Almaghzar v. Gonzales*, 457 F.3d 915, 921-22 (9th Cir. 2006).

Finally, the BIA did not abuse its discretion in denying Lin's motion to reopen because the BIA considered the evidence submitted and acted within its broad discretion in determining Lin did not show prima facie eligibility for the relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988) ( the BIA may deny a motion to reopen for failure to establish a prima facie case for the underlying relief sought); *see also Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (the BIA's denial of a motion to reopen shall be reversed only if it is arbitrary, irrational, or contrary to the law).

We lack jurisdiction over Lin's claim based upon fear of future economic persecution for planning to have a future third child in China because this specific issue was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**No. 06-75274: PETITION FOR REVIEW DENIED.**

**No. 07-71699: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**